UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DONNELL WILLIAMS,

                 Plaintiff,

v.

CHARLES CARLSON et al.,

                 Defendants.

_____/

Case No. 2:20-cv-103

Honorable Paul L. Maloney

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $400.00 civil action filing fee applicable to those not permitted to proceed *in forma pauperis*. This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $400.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

### Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are

meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Williams v. Washington et al.*, Case No. 1:19-cv-869 (W.D. Mich. Jan. 17, 2020); *Williams v. Stevenson et al.*, Case No. 1:19-cv-863 (W.D.

Mich. Jan. 17, 2020); *Williams v. Loomis et al.*, Case No. 1:19-cv-870 (W.D. Mich. Dec. 20, 2019).

All of Plaintiff's dismissals were entered after enactment of the PLRA on April 26, 1996.

Moreover, although Plaintiff makes a conclusory assertion that he is in imminent

danger, his allegations do not fall within the "imminent danger" exception to the three-strikes rule.

28 U.S.C. § 1915(g).  The Sixth Circuit set forth the following general requirements for a claim of

imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or
> prison condition must be real and proximate and the danger of serious physical
> injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x
> 796, 797 (6th Cir. 2008) (internal quotation marks omitted).  "Thus a prisoner's
> assertion that he or she faced danger in the past is insufficient to invoke the
> exception." *Id*. at 797-98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488,
> 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the
> exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions
> of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v.
> Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is
> insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must
> be sufficient to allow a court to draw reasonable inferences that the danger exists.
> To that end, "district courts may deny a prisoner leave to proceed pursuant to
> § 1915(g) when the prisoner's claims of imminent danger are conclusory or
> ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level
> of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation
> marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations
> that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes
> of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).  A prisoner's claim

of imminent danger is subject to the same notice pleading requirement as that which applies to

prisoner complaints.  *Id*.  Consequently, a prisoner must allege facts in the complaint from which

the Court could reasonably conclude that the prisoner was under an existing danger at the time he

filed his complaint, but the prisoner need not affirmatively prove those allegations.  *Id.*

In his complaint, Plaintiff alleges that he was transferred to the Chippewa

Correctional Facility (URF) from the Alger Correctional Facility (LMF) on February 26, 2018, in

3

retaliation for calling the PREA (Prisoner Rape Elimination Act) hotline to report Corrections Officers Samantha Corey and Scot Olsen, as well as Warden Catherine Bauman.  Plaintiff claims that he was subjected to mostly unspecified sexual harassment and retaliation as a result of his grievances and PREA complaints during 2018.  He alleges that the supervisory Defendants have failed to properly address the misbehavior their subordinate employees and have failed to properly investigate Plaintiff's PREA complaints.

Plaintiff's allegations are substantially conclusory and fall well short of showing that he was in imminent danger of serious physical injury.  Indeed, at best, Plaintiff alleges that he was subjected to sexually harassing and retaliatory actions in 2018.  Such allegations fail even to show that he faced a *past* risk of a serious physical injury, which is insufficient to show imminent danger.  *Vandiver*, 727 F.3d at 585.  Certainly nothing in the complaint supports a conclusion that Plaintiff was in real and proximate danger of serious physical injury at the time he filed his complaint.

Therefore, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action.  Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $400.00.  When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).  If Plaintiff does not pay the filing fee within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $400.00 filing fee.


Dated:   August 10, 2020                        /s/ Paul L. Maloney
                                                Paul L. Maloney
                                                United States District Judge

4

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**